# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| James M. Tennant and Charles R. Richards, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No.: 2:04-cv-0093-CWH |
| | ) |
| versus. | ) |
| | ) |
| Georgetown County, a division of State of South Carolina; Thomas Edwards, Jr., in his individual and official as County Administrator for Georgetown County; Jack M.. Scoville, Jr., in his individual and official capacity as County Attorney for Georgetown County; Edsel Hemingway, Tom Swatzel, Johnny Morant, David Hood, Helen Rudolph, and Thomas Earl Drayton, in their individual and official capacities as members of the County Council of Georgetown County; Ronald Charlton, in his individual and official capacity as a member of the County Council of Georgetown County and in his capacity as an owner and officer of Southern Cable Communications, Inc., and Southern Coastal Cable, LLC; Southern Cable Communications, Inc., a cable company; Southern Coastal Cable, LLC, a cable company, City of Georgetown, a municipal entity; L. Boyd Johnson, in his individual and official capacity as City Administrator for the City of Georgetown; Georgetown County School District, a school district; Randall Dozier, in his individual and official capacity as Deputy Superintendent of the Georgetown County School District; Yvonne Chandler, each in her individual and official capacity as an official of the Georgetown County School District; Horry Telephone Cooperative, Inc., a telephone and cable company; HTC | ) **ORDER** |

Communications, Inc., a communications )
company; Scott Everett, an employee of )
Horry Telephone Cooperative, Inc.; )
Billy Hughes, an employee of Horry )
Telephone Cooperative, Inc.; AAC Cable )
Communications FL-VA, LLC, a cable )
company; Doug Jones, an employee of AAC )
Cable Communications FL-VA, LLC, a )
cable company; Time Warner Cable, Inc., )
a cable company; Mary Ann Jacobs, an )
official of Time Warner Cable; Bud )
Tibshrany, an official of Time Warner )
Cable; Southeastern Publishing Company, )
Inc., owner and publisher of the Coastal )
Observer; Wayne Ellis, senior pastor for )
Screven Baptist Church, Screven Baptist )
Church, a church located in Georgetown, )
S.C., )
                                   )
                    Defendants. )
_____)

## PARTIES

The plaintiffs in this action, James M. Tennant and Charles R. Richards, produce public access programs on cable television. The thirty one defendants can be classified into the following six groups: (1) Georgetown County and individuals affiliated with Georgetown County; (2) the City of Georgetown and its city administrator; (3) Georgetown County School District and individuals affiliated with the Georgetown County School District; (4) various cable companies; (5) Southeastern Publishing Company, as owner and operator of the newspaper, the *Coastal Observer*; and (6) Screven Baptist Church and its senior pastor, the Reverend Ellis.

## PLAINTIFFS' ALLEGATIONS

According to the plaintiffs, the facts out of which this case arises are as follows: All defendants conspired to terminate the plaintiffs' use of the Georgetown County public access

television channel. The cable companies' franchise agreements required the cable companies to comply with the cable ordinance of Georgetown County, which stipulates that the cable franchisees shall supply a public access channel that is available to government, religious, and non-profit organizations.

Georgetown County Council held a public meeting regarding the amendment of this ordinance. At this meeting, the Reverend Ellis made defamatory statements regarding the plaintiff Tennant. Southeastern Publishing Company, through its newspaper the *Coastal Observer*, published a newspaper article regarding the meeting and the Reverend Ellis's statements. Georgetown County amended the cable ordinance to require cable companies to provide a government access channel, rather than a public access channel.

Since the amendment of the cable ordinance, only Georgetown County School District has used the government access channel. Although the plaintiffs' broadcasts were eliminated from cable television, the cable franchisees carried the religious broadcasts of Screven Baptist Church and other similar religious groups on other channels at no cost.

## CAUSES OF ACTION

In their amended complaint, the plaintiffs bring thirty-four causes of action arising out of the following seven claims: (1) violations of their First and Fourteenth Amendment rights pursuant to 42 U.S.C. §1983; (2) conspiracy to deny equal protection pursuant to 42 U.S.C. § 1985; (3) violations of the Cable Act 42 U.S.C. § 611; (4) breach of contract; (5) tortious interference with a contract; (6) unjust enrichment; and (7) defamation.

On August 24, 2005, Magistrate Judge Robert S. Carr submitted a report and recommendation. This Court agrees with Magistrate Judge Carr's reasoning and

recommendation but chooses at this time to dispose of the motions in a slightly different manner.

## I. SOUTHEASTERN PUBLISHING, INC.'S MOTION FOR SUMMARY JUDGMENT

When a party has moved for summary judgment, the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact and (2) he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 2472, 248 (1986). An issue of such material fact is "genuine" if the evidence so offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving part. U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962).

The plaintiffs allege that the defendant Southeastern Publishing, Inc. was a party to the conspiracy to deprive the plaintiffs of their constitutional rights. Through its editor, Charles Swenson, the defendant, Southeastern Publishing, Inc. submitted an affidavit stating that Southeastern Publishing, Inc. played no role in the conspiracy and had no conversation, meeting, or correspondence with any other defendant regarding the plaintiffs. The undisputed facts are that Southeastern Publishing Inc.'s only act was to publish a newspaper article regarding a public Georgetown County Council meeting, which included the county officials' comments. The

plaintiffs have thus failed to meet their burden of providing evidence of a conspiracy to which Southeastern Publishing, Inc. was a party.

The plaintiffs claim that the defendant Southeastern Publishing, Inc. defamed the plaintiffs by publishing a newspaper article with statements made by defendants Swatzel, Hemingway, and Scoville. Charles Swenson, editor of the *Coastal Observer*, avers that he reviewed the article for accuracy prior to publication. Swenson states that he saw nothing in the article that indicated untrustworthiness and that he concluded that the subject matter was of public interest (Swenson Affidavit ¶¶3-5).

To prove defamation, a plaintiff must establish: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) either actionability of the statement without regard to special harm or special harm caused by the publication. Holtzscheiter v. Thomson Newspapers, Inc., 506 S.E.2d 497, 506 (*concurring* J. Toal) (*citing* RESTATEMENT (SECOND) OF TORTS 559) (hereinafter Holtzscheiter II). In addition, a person who is a public figure may only recover damages "for a defamatory falsehood relating to his official conduct [if] he proves that the statement was made with 'actual malice' that is, with knowledge that it was false or with reckless disregard for the truth." N.Y. Times, Co. v. Sullivan, 376 U.S. 254, 279-80 (1964).

Southeastern Publishing, Inc. argues that the plaintiff Tennant is a public figure and cannot meet the actual malice requirement. The plaintiffs argue that Tennant is not a public figure and can prove actual malice. Whether a person is a public figure is a question of law determined by a two-part inquiry: (1) whether public debate gave rise to the defamatory statement, and (2) whether the plaintiff's participation in the controversy established him as a

public figure within the context of the controversy. Foretich v. Capital Cities/ ABC. Inc., 37 F.3d 1541, 1551 (4th Cir. 1994). In this case, the controversy out of which the allegedly defamatory statements arose involved Georgetown County Council meetings, public comments at those meetings, and the plaintiff Tennant's attempted redress of grievances in those meetings. Southeastern Publishing, Inc., through one of its newspapers, the *Coastal Observer*, reported the events at the Georgetown County Council meetings because the meetings' outcome would affect absent non-participants. Therefore, these meetings constitute a public controversy.

The next necessary determination is whether the plaintiff Tennant's participation in the controversy established him as a public figure within the context of that controversy. The Fourth Circuit adopted a five-part test to determine whether the plaintiff has thrust himself into a controversy to the extent necessary to trigger public figure status. The factors are: (1) whether the plaintiff has access to effective channels of communication, (2) whether the plaintiff voluntarily assumed a role of special prominence in the controversy, (3) whether the plaintiff sought to influence the resolution of the controversy, (4) whether the controversy existed prior to the publication of the defamatory statements, and (5) whether the plaintiff retained public figure status at the time of the alleged defamation. Fitzgerald v. Penthouse Int'l Ltd., 691 F.2d 666, 668 (4th Cir. 1982). The record demonstrates that the plaintiff had access to channels of effective communication as evidenced by his numerous appearances at County Council meetings, his lawsuits, the other newspaper articles submitted with the affidavit, and his broadcasted footage of the newspaper article's reported events prior to the article's publication. In the plaintiffs' affidavit, the plaintiff Tennant admits that he raised his concerns at public meetings in 2001 and 2002. (Plaintiffs' Affidavit in Opposition to Summary Judgment ¶¶3-10,

16) Therefore, the plaintiff Tennant voluntarily assumed a role of special prominence in the controversy and sought to influence its resolution.  Further the controversy between the plaintiffs and Georgetown County Council was well-known and existed long before the article's publication on June 17, 2001.  Therefore, the plaintiff Tennant is a limited purpose public figure, who may only recover for defamatory statements made with actual malice.

In order to prove actual malice, the plaintiff must prove that the defendant entertained serious doubts as to the veracity of the publication.  St. Annant v. Thompson, 39  U.S. 727, 731 (1968).  The undisputed evidence is that Charles Swenson reviewed the article, and nothing raised doubts as to the article's accuracy.  Charles Swenson believes that the article accurately reflects the events at the Council meetings.  The plaintiffs merely assert that Southeastern Publishing, Inc. should have investigated more and given the plaintiff Tennant an opportunity to comment prior to publication.  The plaintiffs fail to even allege that Charles Swenson had reason to know that the article was false; therefore, Swenson's actions do not rise to the level of reckless disregard of falsity.  Reuber v. Food Chem News, Inc., 925 F.2d 703, 714 (4th Cir. 1991) (*citing* N.Y. Times, Co. v. Sullivan, 376 U.S. at 280).

Based on the record, there is no genuine issue of material fact, and the defendant Southeastern Publishing, Inc. is granted summary judgment and hereby dismissed from this proceeding.

## II.  L. BOYD JOHNSON AND THE CITY OF GEORGETOWN'S MOTION FOR SUMMARY JUDGMENT

The plaintiffs claim that the City of Georgetown conspired to deny equal protection pursuant to 42 U.S.C. §1985(3).  The City of Georgetown moved for summary judgment pursuant to Fed. R. Civ. P. 56.  Magistrate Judge Carr recommended that the City of

Georgetown's motion for summary judgment be denied. The City of Georgetown did not object. This Court adopts Magistrate Judge Carr's Report and Recommendation, and the City Defendants' motion for summary judgment is denied.

## III. MOTIONS TO DISMISS

A Fed. R. Civ. P. 12(b)(6) motion should be granted if, after accepting all well-pleaded allegations in the plaintiffs' complaint as true, it appears certain that the plaintiffs can prove no set of facts in support of the claim entitling them to relief. <u>Edwards v. City of Goldsboro</u>, 178 F.3d 23, 244 (4th Cir. 1999). The "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). Rather, Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). All motions to dismiss are better disposed of by way of summary judgment and are therefore denied.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

March 30, 2006
Charleston, South Carolina